IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:24-CV-682-BO

HECTOR RODRIGUEZ, et al., )
)
    Plaintiffs, )
)
v. ) **ORDER**
)
UNITED SERVICES AUTOMOBILE )
ASSOCIATION, et al., )
)
    Defendants. )

This matter is before the court on Plaintiffs' motion to remand. [DE-13]. Defendants filed a response in opposition, [DE-21], and Plaintiffs filed a reply, [DE-26]. The motion was referred to the undersigned on September 30, 2025, for disposition pursuant to 28 U.S.C. § 636(b)(1)(A).[1] For the reasons that follow, the motion to remand is allowed and the case, along with all pending motions,[2] is remanded to the General Court of Justice, Superior Court Division of Cumberland County, North Carolina.

I. **Background**

On October 15, 2025, Plaintiffs Hector and Ruslana Rodriguez filed a complaint against United Services Automobile Association ("USAA") and USAA General Indemnity Company ("GIC") (collectively, "Defendants") in Cumberland County Superior Court, alleging claims for breach of contract, bad faith, and unfair and deceptive trade practices related to Defendants'

---

[1] *See Abercrombie v. Carolina Speech & Hearing, Inc.*, No. 1:24-CV-00242-MOC-WCM, 2024 WL 4800191, at *1 (W.D.N.C. Nov. 15, 2024) ("[T]he 'rule in this District as well as in many others is that a motion to remand is 'non-dispositive' and can therefore be determined by a magistrate judge as a final order pursuant to 28 U.S.C. § 636(b)(1)(A).'") (quoting *Drye v. Bankers Life and Cas. Co.*, No. 3:15-CV-115-MU, 2006 WL 2077562 at *2 (W.D.N.C. July 24, 2006)).
[2] Defendants' motion to dismiss, [DE-16], and Plaintiffs' motion to quash, [DE-44], motion to compel, [DE-48], and motion for sanctions, [DE-52], remain pending and shall be transferred to the Cumberland County Superior Court.

handling of Plaintiffs' home insurance claim for storm damage. Compl. [DE-1-1]. On December 2, 2024, Defendants removed the action to this court, pursuant to 28 U.S.C. § 1446, invoking the court's diversity jurisdiction. [DE-1] at 2–3. Defendants asserted that Plaintiffs are citizens of North Carolina, GIC's principal place of business is in Texas, and USAA is an unincorporated reciprocal interinsurance exchange that is considered a citizen of each state in which it has members for diversity jurisdiction purposes. *Id.* at 3. Defendants also asserted that USAA's citizenship should be disregarded under the doctrine of fraudulent joinder, because "there is no possibility that Plaintiffs will establish a cause of action against USAA" where this is "a first-party insurance action disputing coverage under the Policy, which was issued by GIC alone" and "USAA is not a party to the insurance contract." *Id.* at 3–4. On January 2, 2025, Plaintiffs filed the instant motion to remand, pursuant to 28 U.S.C. § 1447(c), arguing that there is no diversity of jurisdiction, the case should be remanded to state court, and Plaintiffs are entitled to their costs and expenses incurred as a result of the removal. [DE-13].

## II. Discussion

In the motion to remand, Plaintiffs contend that USAA is proper party and a citizen of North Carolina, so there is no diversity of citizenship, and Defendants' fraudulent joinder claim lacks merit; alternatively, Plaintiffs argue that if the court finds it has jurisdiction, it should abstain from hearing the case in deference to the state's greater interest in enforcing its laws and protecting its consumers. Pls.' Mem. [DE-14] at 3–7. Defendants contend that Plaintiffs' three claims arise entirely from the insurance policy issued by GIC and insurance claims made thereunder, and because USAA is not a party to the insurance contract, Plaintiffs cannot succeed on their claims against USAA and there are no grounds for a veil-piercing claim; alternatively, Defendants

2

contend there is no basis for the court to abstain from exercising its jurisdiction. Defs.' Resp. [DE-21] at 5–16.

In a case that is removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]t is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Columbus Emergency Grp., LLC v. Blue Cross & Blue Shield of N.C.*, No. 7:23-CV-1601-FL, 2024 WL 1342764, at *1 (E.D.N.C. Mar. 29, 2024) (quoting *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008)). District courts have diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Complete diversity among the parties is required, which means that no defendant can have the same citizenship as any plaintiff. *See Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998); *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 222 (4th Cir. 2019). However, under the doctrine of fraudulent joinder, the court may still exercise diversity jurisdiction where parties are non-diverse:

> "[T]he fraudulent joinder doctrine provides that diversity jurisdiction is not automatically defeated by naming non-diverse defendants." Weidman v. Exxon Mobil Corp., 776 F.3d 214, 218 (4th Cir. 2015). The doctrine "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Johnson v. Am. Towers, LLC, 781 F.3d 693, 704 (4th Cir. 2015).
>
> Invocation of the fraudulent joinder doctrine is appropriate only where "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or . . . there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Marshall v. Manville Sales Corp., 6 F.3d 229, 232-33 (4th Cir. 1993) (emphasis in original). "[U]ltimate success is not required to defeat removal." Hartley v. CSX Transp., Inc., 187 F.3d 422, 426 (4th Cir. 1999). "Rather, there need be only a slight possibility of a right to relief." Id. "Once the

3

court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." Id.

"The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." Id. at 424. "In order to determine whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." AIDS Counseling & Testing Ctrs. v. Grp. W Television, Inc., 903 F.2d 1000, 1004 (4th Cir. 1990).

*Vitello v. Ramsden*, No. 5:23-CV-00196-FL, 2023 WL 6295126, at *2–3 (E.D.N.C. Sept. 27, 2023).

The parties agree that the amount in controversy exceeds $75,000, and that USAA and the Plaintiffs are alleged to be citizens of North Carolina. The determinative issue is whether USAA was fraudulently joined such that the court should disregard it for purposes of the diversity analysis. Defendants do not contend there was outright fraud in Plaintiffs' jurisdictional pleading, but rather they assert that there is no possibility that Plaintiffs will establish a cause of action against USAA. *See* Notice of Removal [DE-1] ¶ 12.

Defendants specifically argue that Plaintiffs contractual and extracontractual claims against USAA fail because USAA is not a party to the insurance contract between Plaintiffs and GIC, Defs.' Resp. [DE-21] at 5, and additionally, Plaintiffs' extracontractual claim, i.e., unfair and deceptive trade practices claim, fails because "Plaintiffs make every allegation against 'Defendants' collectively, rather than identifying any specific conduct undertaken by USAA," *id.* at 10.

Plaintiffs argue that USAA "appears on the Policy as an apparent insurer," Plaintiffs "bought the Policy from Defendant USAA (and believed they were insured by USAA)," USAA "represented that it was adjusting Plaintiffs' claim throughout the claims handling process," USAA "told Plaintiffs repeatedly they were USAA insureds," USAA "utilized its employees and

4

representatives throughout the claims handling process," and USAA "has harmed the Plaintiffs in its own right and is therefore a proper party." Pls.' Mem. [DE-14] at 4. Plaintiffs also point to the USAA logo on documents and language indicating USAA is an insurer of the policy, which they argue creates, at a minimum, ambiguity that must be construed against the insurer. Pls.' Reply [DE-26] at 1–3. As for the extracontractual claims, Plaintiffs argue that USAA and GIC acted together in adjusting Plaintiffs' claims, so the allegations directed to "Defendants" collectively are appropriate. *Id.* at 6. In support of remand, Plaintiffs rely on the case of *Spriggs v. United Servs. Auto. Ass'n*, No. 1:23-CV-27, 2023 WL 3626503 (M.D.N.C. May 24, 2023), which addressed the same issue presented here—whether the defendants had shown that USAA had been fraudulently joined in the action for purposes of defeating diversity jurisdiction. While Defendants argue that *Spriggs* is distinguishable, the court finds that it is on all fours with the instant case and is persuasive. Furthermore, a review of the policy and other relevant documents demonstrates that Plaintiffs have at least "a slight possibility of a right to relief" against USAA. *Hartley*, 187 F.3d at 426.

Defendants argue that GIC, not USAA, issued the policy. However, the verified copy of the policy provided by Defendants, [DE-2-1], is not so clear. Every page of the document contains a "USAA Confidential" stamp at the bottom of the page, *id.* at 1–66[3]; several pages contain a USAA logo, *id.* at 2, 4–5, 11; the Homeowners Policy Packet states under Important Messages to visit "usaa.com" to view policy coverages, *id.* at 2; the Amended Declarations Page does have the header USAA GENERAL INDEMNITY COMPANY at the top of the page, *id.* at 4–5, but GIC does not appear to be listed elsewhere in the policy; the Special Form – Homeowners Policy, which bears the USAA logo, unhelpfully states that "This policy is a legal contract between you and us,"

---

[3] The page number references the CM/ECF footer rather than the document's internal page number whereas here they differ.

*id.* at 11, that "We, us, our, USAA, Company, or Reciprocal Interinsurance Exchange means United Services Automobile Association," *id.* at 12, and "If this policy is issued by United Services Automobile Association ("USAA") . . .," *id.*; and the actual policy definitions state that "'We', 'us' and 'our' refer to the Company providing this insurance," *id.* at 13. Plaintiffs also provided sworn affidavits in support of their motion to remand stating that they bought their policy from USAA, visited USAA's website, called USAA's phone number, filed the claim at issue through USAA's portal, spoke with USAA representatives, [DE-13-1] at 1–2, [DE-13-2] at 1–2, and provided a letter related to the claim at issue that refers to the "USAA claim" and the "USAA policyholder," and states "Thank you for trusting USAA!" [DE-13-1] at 3. The letter is signed by an individual with USAA General Indemnity Company, Joshua Shepherd, but that is not strong evidence that GIC issued the policy given the letter's reference to the USAA policyholder. *Id.* Similarly, a letter from NFC Engineering Services related to the claim at issue is also addressed to Joshua Shepherd but at USAA Property & Casualty Insurance Company, not GIC, [DE-13-1] at 4, which demonstrates further ambiguity as to the identity of the insurer. Plaintiffs also received a fax from "USAA Claims" with the subject of "USAA Claims Coverage Decision," with a "USAA Reference Number" [DE-13-1] at 14–15. Although USAA General Indemnity Company appears at the top of the page in fine print, it is next to the USAA logo, and the contact information for the USAA Claims Department is listed, so again this is not strong evidence that GIC issued the policy. [DE-13-1] at 16–19.

The *Spriggs* court was faced with much of the same evidence and convincingly found that the policy "did not definitively identify which insurer issued [it]," and nothing in the policy "forecloses the possibility that Plaintiffs can maintain an action against USAA." 2023 WL 3626503, at *3. This court reaches the same conclusion and finds unpersuasive Defendants'

attempts to distinguish *Spriggs* based on additional evidence presented in *Spriggs*, e.g., a voicemail where the adjuster said he was with USAA and signature blocks in letters that stated the sender was USAA. The evidence presented here is more than sufficient for the court to conclude that Defendants have failed to demonstrate Plaintiffs do not have even "a slight possibility of a right to relief" against USAA on the breach of contract and bad faith claims. *Hartley*, 187 F.3d at 426; *see Miller v. United Servs. Auto. Ass'n*, No. 2:23-CV-0294-TOR, 2023 WL 8772852, at *5 (E.D. Wash. Dec. 19, 2023) (rejecting claim of fraudulent joinder of USAA under similar facts); *Hall v. United Serv. Auto. Ass'n*, No. CV 21-4-DLB, 2021 WL 4255614, at *2–3 (E.D. Ky. Sept. 17, 2021) (finding remand appropriate where the record was sufficiently ambiguous as to whether USAA was a signatory to plaintiffs' insurance contract, i.e., the policy did not expressly state which entity was the insurer and contained numerous references to all three defendants).

The court also rejects Defendants' argument that Plaintiffs' counsel's representation of the plaintiffs in *Spriggs* demonstrates that USAA's joinder here was fraudulent. Defendants assert that after the *Spriggs* court remanded the case to state court, the plaintiffs stipulated to dismissal of USAA and that this demonstrates the plaintiffs included USAA in the initial suit in order to litigate in state court. Defs.' Resp. [DE-21] at 8–9. This argument is unpersuasive because the *Spriggs* plaintiffs are not the Plaintiffs in this case, and the motive suggested by Defendants is merely speculative where the *Spriggs* plaintiffs may have had legitimate reasons for agreeing to dismiss USAA in that case, such as seeking to avoid appeals or further costly litigation over the proper parties.

In sum, Defendants have failed to meet their "heavy burden" to show that the Plaintiffs cannot establish a breach of contract claim against USAA even after resolving all issues of law and fact in the Plaintiffs' favor. *See Rouse v. State Farm Mut. Auto. Ins. Co.*, No. 1:14-CV-690,

7

2015 WL 3849648, at *2 (M.D.N.C. June 22, 2015) (quoting *Hartley*, 187 F.3d at 424). Accordingly, the court need not reach the alternative arguments presented, rejects Defendants' argument that USAA was fraudulently joined, finds the court lacks jurisdiction because Plaintiffs and USAA are not diverse, and remands this matter, along with all pending motions, to the General Court of Justice, Superior Court Division of Cumberland County, North Carolina.[4]

### III. Conclusion

For the reasons stated herein, the motion to remand is allowed.

SO ORDERED, the 30 day of September, 2025.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

---

[4] Plaintiffs also sought costs and expenses incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c), but such an award is not mandatory, and Plaintiffs failed to brief the issue, so the court declines to grant the request.